UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:18-626 |
| | § | |
| RODNEY LUTHER KENNEDY, | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Defendant Rodney Luther Kennedy's Motion and Supplemental Motion for Reduction of Sentence in Accordance with 18 U.S.C. 3582 (Compassionate Release) (D.E. 30, 32), to which the United States of America (the "Government") has responded (D.E. 33).

### I. BACKGROUND

In 2018, Defendant was arrested by state authorities as a result of an ongoing investigation by the Drug Enforcement Administration. As detailed in the Presentence Investigation Report, Defendant participated in numerous narcotics dealings leading up to his arrest. PSR, D.E. 21. He pled guilty to possession with intent to distribute 265 grams of methamphetamine in 2018 and was sentenced to 78 months' imprisonment.

Defendant has served 27 months (35%) of his sentence and has a projected release date, after good time credit, of March 9, 2024. He now moves the Court to reduce his sentence to time served because his underlying medical conditions (obesity, hypertension, pre-diabetes, and possible undiagnosed cardiovascular disease) make him particularly vulnerable to severe illness or death should he contract COVID-19 while in prison. Defendant submitted an administrative

1

request for compassionate release with the Bureau of Prisons on June 16, 2020, but the warden at FCI Schuylkill denied his request.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

> **(A) Medical Condition of the Defendant.—**
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,
        (II) suffering from a serious functional or cognitive impairment, or
        (III) experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of

the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

4

**III. ANALYSIS**

Defendant is 47 years old. He has offered evidence that he suffers from hypertension, among other things. According to the Centers for Disease Control and Prevention, adults of any age who have hypertension might be at an increased risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (Oct. 16, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Defendant emphasizes that he has completed numerous programs and educational courses supporting his rehabilitation.

The Government acknowledges that Defendant might be at increased risk for severe illness from COVID-19 by virtue of his hypertension, but argues that the BOP has undertaken extensive efforts to mitigate the risks that COVID-19 poses to the inmate population. As of October 19, 2020, FCI Schuylkill has 0 active inmate COVID-19 cases out of 1,019 total inmates. The Government further argues that Defendant has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553(a) factors.

While Defendant is at an increased risk of severe illness should he contract COVID-19, the Court nonetheless finds that the § 3553(a) factors, as considered in the specific context of the facts of his case, do not warrant a reduction in his sentence. Defendant's PSR reflects that he has spent much of his adult life in the criminal justice system. In addition to the current offense, his scored criminal history included convictions for conspiracy to manufacture methamphetamine, possession of methamphetamine (two convictions), and evading arrest/detention. His unscored criminal history included convictions for public intoxication, unlawfully carrying a weapon, issuing a worthless check, delivery of amphetamine (three convictions), possession of methamphetamine (two convictions), and unlawfully carrying a firearm. At the time of

sentencing, Defendant also had charges pending in Texas state courts for possessing a prohibited weapon, possession of marijuana, and possession of a controlled substance. Defendant has continued to engage in misconduct while in prison. His Inmate Discipline Data Sheet reflects that he was sanctioned for using drugs/alcohol on two occasions in the last 18 months. According to the Government, reports from the Defendant's BOP case manager state that Defendant has a high risk of recidivism. Releasing Defendant more than four years early, when he has served only a third of his sentence, would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion and Supplemental Motion for Reduction of Sentence in Accordance with 18 U.S.C. 3582 (Compassionate Release) (D.E. 30, 32) are **DENIED**.

It is so **ORDERED** this 20th day of October, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE